## JAMES SHARKEY *et al.*

### *v.*

## WILLIAM MILLER.

1. CHANCERY PRACTICE—*power over verdict.* In a proceeding to enforce a mechanic's lien, where subsequent purchasers of the property sought to be charged were made parties, the issues were submitted to a jury, who found for the petitioner and assessed the damages against all the defendants. The court rendered a decree thereon requiring the defendant alone for whom the work was done, to pay the amount found by the jury, making it a lien on the premises, and declaring the subsequent purchasers' interests subject to the lien: *Held,* that the court did not err in decreeing differently from the form of the verdict.

2. A petition for a mechanic's lien is, in effect, a chancery proceeding, and the object of the verdict of a jury is, to advise the conscience of the chancellor, and he has the same power to change or reject the finding of the jury as he has where an issue of fact is submitted to a jury in any other chancery case, and a verdict returned. In such a case, the court has the power to make the finding conform to the testimony and the equity of the case.

3. PAROL EVIDENCE—*of an agreement subsequent to written one.* Where a written agreement showed that a certain price was to be paid for putting into a building a patent screw elevator, and at the conclusion of the same the contractor also agreed to put in certain heating apparatus, for which no price was named, it was *held* competent for the contractor to prove a subsequent parol agreement in relation to the price of the latter.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was a petition filed by William Miller, who did business under the name of Miller & Co., against James Sharkey, William Sharkey, N. C. Hinsdale, Jacob L. Schureman, Francis M. Melick, James H. Bowen, George S. Bowen and Chauncey T. Bowen, to enforce a mechanic's lien. Schureman and Melick bought into the concern after the work was done for which the property was sought to be charged. James Sharkey, William Sharkey and Hinsdale were charged as partners under the firm name of Sharkey & Co. The partnership was denied as to Hinsdale, and the petition was therefore dismissed as to him. The court below rendered a decree establishing the lien sought, from which James and William Sharkey alone appealed.

Mr. WILLIAM HOPKINS, and Mr. THOMAS J. TULEY, for the appellants.

Messrs. FULLER & SMITH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

William Miller filed a petition in the Superior Court of Cook county, against James Sharkey and others, for the purpose of enforcing a mechanic's lien.

36—69TH ILL.

The petition alleges that, on the 24th of November, 1868, the petitioner submitted a written proposition to James Sharkey and Bowen Bros. to furnish them, in a certain building in Chicago, one of his patent screw elevators and one tubular boiler with necessary trimmings, for the sum of $4350, which was accepted by them, and Sharkey was to pay one-half of the specified price and Bowen Bros. the other half; that on the day and year aforesaid, Sharkey desired heating apparatus to be put in the building, and after the signing of the proposition in regard to the elevator, petitioner added a line thereto, by which petitioner agreed to furnish the coils of pipe to connect with the boiler, and guarantee them sufficient to heat the entire building, and it was agreed by Sharkey that he would pay petitioner whatever it might be reasonably worth ; that subsequently Bowen agreed with Sharkey to pay one-half of the cost of the heating apparatus; that the same was put in according to agreement, and cost $2000; that Bowen paid the one-half thereof, and Sharkey refused to pay the other half.

The answer denies the contract set out in the petition, and avers there is but one contract in regard to the elevator and heating apparatus, and that is in writing, etc.

The cause was tried by a jury, and a verdict returned, which found the issues for the petitioner, and assessed his damages, against all the defendants, at the sum of $657.50; thereupon, the court made a decree dismissing the petition as to defendant Hinsdale, and requiring James Sharkey to pay the judgment, and declaring the same to be a lien on his interest in the premises, and that William Sharkey acquired his interest in the premises in subordination to the lien of petitioner.

The defendants, James and William Sharkey, appeal, and rely for a reversal of the decree upon two points:

That the decree is not based upon the verdict.

That the contract was in writing, and the court erred in permitting evidence to be introduced to change or vary its terms.

The fact that the jury returned a verdict against all the defendants, did not deprive the court of the power to reject the verdict so far as was incompatible with the testimony, and to render such a decree as equity and justice might demand.

A petition filed to enforce a mechanic's lien is governed by the same rules as a chancery case, and is, in effect, a chancery proceeding. The object of the verdict of a jury is, to advise the conscience of the chancellor, and he has the same power to change or reject the finding of the jury as he has where an issue of fact is submitted to a jury in a chancery case, and a verdict returned. *Kimball* v. *Cook*, 1 Gilman, 423; *Garret* v. *Stevenson*, 3 Gilman, 279.

In this case there were parties made defendants who had purchased an interest in the premises subsequent to the contract between Sharkey and the petitioner. They were necessary defendants, but they were not liable for this indebtedness Sharkey had contracted, and the court could do no less, in rendering a decree, than change the verdict so as to require Sharkey to pay the amount found due petitioner, and decree that these defendants took the property subject to the lien of petitioner.

On the trial of the cause, the petitioner read in evidence the written proposition referred to in the petition, which is as follows:

"CHICAGO, *Nov.* 24, 1868.
*Messrs. Bowen Brothers, and James Sharkey, Esq.*:

GENTLEMEN:—We agree to furnish you in your building on the corner of State and Madison streets, one (1) of our patent screw elevators, that we will guarantee will hoist four tons with perfect safety; also one (1) tubular boiler, 12 feet long by 42 inches in diameter, with full fire front grate bars, steam and water gauges, gauge cocks, and all necessary trimmings and pipe connections to engine; the boiler to be set in brick work with hollow walls, supported by rods and binders; also one steam engine of 18-horse power, set on brick foun-

dation, in running order, for the sum of forty-three hundred and fifty dollars ($4350).

"We also include in the above, setting of the upright posts in hatchway, furnishing all necessary shafting and belting for the elevator, all freight to be paid by ourselves.

"We also guarantee the boiler to be of sufficient capacity to heat the entire building, furnish power for running the elevator, and also a rubbing bed. The materials to be used we agree shall be of the best quality, and the entire machinery shall be put up in a workmanlike manner.

"We also agree to furnish three coils of pipe, connect them with the boiler, and guarantee them sufficient to heat the entire building.

"WILLIAM MILLER & Co.<br>"F. F. FRENCH.

"Messrs. Bowen Brothers, on their part, agree to pay William Miller & Co., or their agent, the sum of $2175.00 cash as their portion of the $4350.00, the amount stated in the above contract, when the machinery is in working order.

"James Sharkey, Esq., on his part, agrees to pay William Miller & Co., or their agent, the sum of $2175.00 in a note payable on the first day of May, 1869, with ten per cent interest, when the machinery is in working order; the above $2175.00 being his portion of the $4350.00, the amount stated in the above contract.

"JAMES SHARKEY & Co."

It is shown by the record that French was acting for petitioner, and that Hinsdale was the agent of James Sharkey.

French testified that when he presented the written proposition to Hinsdale, he, Hinsdale, wished the heating apparatus to be put in at the same time with the elevator, but Miller & Co. were not in the heating business, and did not know what it would cost. It was finally agreed that French should insert at the close of the proposition this sentence: " We also agree to furnish three coils of pipe, connect them with the boiler, and guarantee them sufficient to heat the

entire building;" and that French should ascertain what the cost would be, and if it came to no more than $150, Hinsdale should pay it, and if to more, then an agreement should be made as to price. This occurred on November 24th, 1868. French then went to a firm engaged in the heating business, Walworth, Twohig & Furse, to learn the cost of heating apparatus. On the 27th of November he received from them the following:

"CHICAGO, *Nov.* 27, 1868.

" *Messrs. W. Miller & Co.*:

"GENTLEMEN: Please find, below, estimate for heating store cor. State street by one coil in basement, to heat half of same, and two coils in first story to heat that story and the second story well; we to furnish tank (iron), steam pump, and supply and return pipe and valves for all, the condensed water to be drained by valve box, for one thousand dollars, cash.

"Yours,

"WALWORTH, TWOHIG & FURSE."

French testifies that, after receiving this statement of the cost of the heating apparatus, he submitted it to Hinsdale, and he agreed, on behalf of Sharkey, to pay one-half of the cost if Bowen Brothers would pay the other half; that subsequently Chauncey T. Bowen did agree to pay, and actually paid, one-half of the cost of the same.

It is insisted by appellant that the witness, French, should not have been permitted to state at what he estimated the cost of the heating apparatus, nor who was to pay for the same; that the admission of the evidence was in violation of the rule that parol evidence can not be introduced to change or vary the terms of a written contract.

It is apparent, upon an inspection of the written contract, that the $4350 mentioned therein was the consideration to be paid for the patent screw elevator, and while it may have been improper for the court to admit the statement of French at the time the contract was signed, in which he says Hinsdale was to pay for the heating apparatus, yet this evidence could

not have damaged the defendant's case, for the reason that it is clearly proven that a subsequent contract was made by which Sharkey was to pay for one-half of the cost of this heating apparatus.

It is proven that, after French received from Walworth, Twohig & Furse their statement of November 27th, showing the cost of the heating apparatus, he took it to Hinsdale and submitted it to him, and a contract was then made that Sharkey would pay one-half of the amount if Bowen would the other, which Bowen agreed to. This is proven by French and Bowen.

It was clearly competent to prove this subsequent contract by parol, and under it, as proven, we see no reason why the petitioner was not entitled to recover.

This disposes of all the questions raised material to be considered, and as we perceive no substantial error in the record, the decree will be affirmed.

*Decree affirmed.*